# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ELIZABETH ANN CORDELL,**
       **Plaintiff,**

    v.                                             Case No. 04-C-932

**STATE CENTRAL CREDIT UNION,**
       **Defendant.**

## DECISION AND ORDER

Plaintiff Elizabeth Ann Cordell brings this action alleging that defendant State Central Credit Union violated the Fair Labor Standards Act ("FLSA") by discharging her in retaliation for filing an FLSA charge with the Department of Labor ("DOL"). Defendant now moves for summary judgment.

## I. FACTS

Plaintiff worked for defendant as a mortgage loan processor from September 2001 until October 2003 when defendant discharged her. After discovering that her first paycheck did not include pay for overtime that she had worked, plaintiff asked the Mortgage Lending Department's director, Terrence McQuade, about the matter and he told her that, because she was a salaried employee, defendant could not pay her overtime. During the first quarter of 2003, plaintiff continually complained to her supervisor, Lauri Kissinger, about not being paid overtime. Other employees complained as well, and McQuade was aware of plaintiff's and the other employees' complaints.

On August 7, 2003, plaintiff filed a charge with the DOL alleging FLSA violations by defendant for failing to pay overtime. The DOL conducted an investigation and determined that defendant violated the FLSA and that it owed a total of $17,014.78 in back wages to

sixteen employees including plaintiff. At a final conference held on November 14, 2003, defendant agreed to pay this sum.

Neither the DOL nor plaintiff disclosed to any person that she had filed the FLSA charge until after defendant discharged her. McQuade and defendant's president, James Corragio, the only persons who had authority to fire plaintiff, state that they did not know that plaintiff filed the FLSA charge prior to discharging her. Plaintiff does not offer evidence contradicting their statements.

On October 27, 2003, defendant discharged plaintiff and Lindsay Moran, another mortgage loan processor. Defendant states that the reason that it discharged two mortgage loan processors was because the number of mortgage loan applications that it received dropped by 73% between August and October 2003, and that as a result it became overstaffed. Defendant also states that it discharged plaintiff and Moran because they had less seniority with the company than the other two mortgage loan processors, Jennifer Poulin and Danielle Barta. Plaintiff does not offer evidence contradicting these assertions.

## II. STANDARD OF REVIEW

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. For the fact to be material, it must relate to a disputed matter that "might affect the outcome of the suit." Id.

Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, Anderson, 477 U.S. at 255. When the evidence presented shows a dispute over facts that might affect the outcome of the suit under governing law, summary judgment must be denied. Id. at 248.

The moving party bears the initial burden of demonstrating that it is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 323. Where the moving party seeks summary judgment on the ground that there is an absence of evidence to support the non-moving party's case, the moving party may satisfy its initial burden simply by pointing out the absence of evidence. Id. at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for trial. Id. at 322-23. Neither party may rest on mere allegations or denials in the pleadings, Anderson, 477 U.S. at 248, or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (7th Cir. 1989).

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, it is "not required to draw every conceivable inference from the record — only those inferences that are reasonable." Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

### III. DISCUSSION

The FLSA prohibits an employer from retaliating against an employee for bringing an FLSA charge against it. 29 U.S.C. § 215(a); see also Sapperstein v. Hager, 188 F.3d 852, 856 (7th Cir. 1999). In the present case, in order to prevail on her retaliation claim, plaintiff

must establish that she filed an FLSA charge and that because she did so defendant discharged her. A retaliation plaintiff may present direct evidence of retaliation or proceed under the burden shifting framework outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-804 (1973), as the Seventh Circuit has adapted it for use in the context of retaliation claims. Cichon v. Exelon Generation Co., L.L.C., 401 F.3d 803, 810 (7th Cir. 2005); see also Stone v. City of Indianapolis Pub. Utils. Div., 281 F.3d 640, 642-44 (7th Cir. 2002). In the present case, plaintiff proceeds under the burden-shifting approach.

Under such approach, plaintiff must first establish a prima facie case of retaliation. To do this, plaintiff must show: (1) that she filed a charge under the FLSA; (2) that after filing the charge only she, and not any similarly situated employee who did not file a charge, was (3) subjected to an adverse employment action even though (4) she was performing her job satisfactorily. Stone, 281 F.3d at 642, 644. If plaintiff satisfies these requirements and defendant presents no evidence in response, plaintiff is entitled to summary judgment. However, if defendant presents unrebutted evidence of a non-invidious reason for the adverse action, it is entitled to summary judgment. Id. at 644.

I conclude that, in the present case, plaintiff fails to establish a prima facie case of retaliation. Plaintiff establishes that she filed an FLSA charge, that she subsequently suffered an adverse employment action, and that she was performing her job satisfactorily. However, she fails to show that no similarly situated employee who did not file a charge was subjected to an adverse employment action. This is so because defendant not only discharged plaintiff but also Lindsay Moran, a similarly situated employee who did not file an FLSA charge. Both plaintiff and Moran were mortgage loan processors and both had less seniority as employees of defendant than the two other mortgage loan processors that defendant employed. Because plaintiff fails to establish a prima facie case, defendant is entitled to summary

judgment, and I need not proceed to a pretext analysis. See Coco v. Elmwood Care, Inc. 128 F.3d 1177, 1179 (7th Cir. 1997).

However, even if I assume that plaintiff had established a prima facie case of retaliation, defendant would be entitled to summary judgment. This is so because defendant presents unrebutted evidence that it had a non-invidious reason for discharging plaintiff. Defendant presents evidence indicating that in the months prior to plaintiff's discharge, the number of mortgage loan applications that it received declined by 73% and as a result it became overstaffed. Defendant also presents evidence showing that plaintiff and Moran had less seniority with the company than Poulin and Barta and were discharged for that reason. Finally, defendant presents evidence indicating that neither of the individuals who had authority to discharge plaintiff knew that she had filed the FLSA charge. Plaintiff presents no evidence on which a reasonable jury could base a rejection of these assertions. Thus, a reasonable jury could not conclude that defendant discharged plaintiff in retaliation for filing an FLSA charge.

## IV. CONCLUSION

Therefore, for the reasons stated, defendant's motion for summary judgment is **GRANTED** and this case is **DISMISSED**.

**SO ORDERED** at Milwaukee, Wisconsin, this 23rd day of December, 2005.

s/Lynn Adelman
LYNN ADELMAN
U.S. District Judge
